UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re application of<br><br>**Bryan Gartner**,<br><br>Petitioner, for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a foreign proceeding | Case No. _____ |

***Ex Parte* Application for Judicial Assistance to Obtain Evidence
for Use In Foreign Proceedings Under 28 U.S.C. § 1782**

  Based on the concurrently filed Memorandum of Law, Declaration of Kay Stewart, Declaration of Casey Olbrantz, and the accompany exhibits, Applicant Bryan Gartner respectfully requests an *ex parte* order under 28 U.S.C. § 1782 to obtain narrowly tailored discovery from six financial institutions for use in ongoing divorce proceedings in the Family Court sitting at Brighton, United Kingdom. Applicant seeks evidence from: (i) Charles Schwab & Co., Inc. (f/k/a TD Ameritrade), (ii) Fidelity Brokerage Services LLC, (iii) Citibank, N.A., (iv) Webster Bank, National Association, (v) Safra National Bank of New York, and (vi) BNY Mellon, National Association (collectively, "**Respondent(s)**"). A proposed order is attached as Exhibit 1, and a proposed form subpoena for each Respondent is attached as Exhibit 2.

  Applicant satisfies Section 1782's statutory requirements. Each Respondent is properly found in this District, the requested documents will directly support Applicant's defense in the English proceedings, and Applicant is a party to the English proceedings. Applicant also satisfies each discretionary factor established in *Intel Corp. v. Advances Micro Devices, Inc.*, 542 U.S. 241 (2004). The Respondents are not participants in the English proceedings, English courts are receptive to Section 1782 discovery, the Application comports with English proof-

gathering rules, and Applicant's requests are narrowly tailored to basic account records, from 2021 to the present, that are maintained in the regular course of business.

Crucially, granting this Application on an expedited basis is appropriate because the trial in the English proceeding is set to commence in late January 2026, and the documents sought are critical to Applicant's defense. *E.g.*, *In re Eurasian Nat'l Res. Corp.*, No. 20-mc-00312 (S.D.N.Y. Sept. 9, 2020) (ECF 11) (granting *ex parte* Section 1782 application within seven days of filing); *In re Porsche Automobil Holding SE*, 2016 U.S. Dist. LEXIS 20012, at *38 (S.D.N.Y. Feb. 18, 2016) (granting expedited Section 1782 discovery where applicant's deadline in foreign proceeding was a month away). Furthermore, granting this Application on an *ex parte* basis is appropriate, as the Respondents are free to move to quash the proposed subpoenas after they have been authorized and issued. *E.g.*, *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) ("it is neither uncommon nor improper" to grant Section 1782 applications *ex parte*).

For all of these reasons, Applicant respectfully requests that this Court grant the Application on an expedited basis by entering the proposed order that is attached as Exhibit 1.

Respectfully submitted:  **Greenbaum Olbrantz LLP**

Dated: November 10, 2025
New York, New York

*/s/ Casey J. Olbrantz*
Casey J. Olbrantz
Carter Greenbaum
244 Fifth Avenue, Suite C221
New York, NY 10001
646-818-0913
casey@greenbaumolbrantz.com

*Counsel for Bryan Gartner*