UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
IN RE APPLICATION OF BRYAN GARTNER          :          25-MC-511 (JMF)
FOR AN ORDER SEEKING DISCOVERY              :
PURSUANT TO 28 U.S.C. § 1782                :          ORDER
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Bryan Gartner ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from Charles Schwab & Co., Inc. (f/k/a TD Ameritrade); Fidelity Brokerage Services LLC; Citibank, N.A.; Webster Bank, National Association; Safra National Bank of New York; and BNY Mellon, National Association (together, the "Banks") by means of a subpoena served pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Having considered Applicant's submissions, the Court concludes — without prejudice to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed, subject to reconsideration — that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application.  *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

      Accordingly, the application is GRANTED.  Applicant's U.S. counsel, Casey Olbrantz, is authorized to serve subpoenas in substantially the same form as the proposed form subpoena attached as Exhibit 2 to the Application, ECF No. 1, on the Banks, together with a copy of this Order, no later than **three weeks** from the date of this Order.  No later than **the same date**, and *before* serving the subpoena on Respondents, Applicant shall provide actual notice and courtesy copies of the subpoena, application, supporting documents, and this Order to Elizabeth Gartner. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's

power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)).  Applicant is granted leave to do so by email through Elizabeth Gartner's counsel in the English proceedings at issue.  Applicant shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and Practices in Civil Cases, (http://nysd.uscourts.gov/judge/Furman).  If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate ECF No. 1 and to close the case.

SO ORDERED.

Dated: November 14, 2025
       New York, New York

_____
                JESSE M. FURMAN
                United States District Judge

2